UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QIAN XU,

        Plaintiff,

vs.

Case No. 06 - CV - 15398
HON. GEORGE CARAM STEEH

MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY;
EMILIO GONZALEZ, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

        Defendants.

_____/

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (Doc # 8)

Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendants' motion was filed February 15, 2007, and Plaintiff's reply was filed February 27. Oral argument was heard on July 23, 2007. For the reasons that follow, the Court will grant the motion, and dismiss Plaintiff's complaint.

**I.**     **Background**

Plaintiff is currently awaiting final adjudication of his I - 485 application for an adjustment of his immigration status to that of a permanent resident. His application was originally filed with Citizenship and Immigration Services (CIS) on June 28, 2005. According to the Defendants, an FBI finger print check, and an Intra Agency Border

Inspection System (IBIS) check have been completed (Def. Mot. to Dismiss Ex. A ¶¶ 14-15). Defendants contend that they are awaiting the results of the FBI name check, and that any of the three security checks could uncover information not found in the others so they must wait for all of the checks to be complete (id. ¶ 10) . On December 5, of 2006 Plaintiff filed the instant action requesting that this Court order CIS to complete the adjudication of his application more quickly.

## II.     Legal Standard

Defendants have brought their motion to dismiss under both Rule 12(b)(1) and 12(b)(6).  In such instances, the Court will consider the 12(b)(1) motion first and the 12(b)(6) motion will become moot if subject matter jurisdiction does not exist.  Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).  The burden is on the plaintiff to prove that jurisdiction exists.  Id. To defeat a motion to dismiss for lack of subject matter jurisdiction "the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" Mich. S.R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002) (citations omitted).  The federal question must also be presented on the face of the complaint.  See  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998).

## III.     Subject Matter Jurisdiction

Plaintiff claims a variety of statutes provide grounds for subject matter jurisdiction, including  28 U.S.C. § 1361 (Mandamus Act), 5 U.S.C. § 701 *et. seq*. (Administrative Procedure Act), 28 U.S.C. § 1331 (Federal Question Statute), 28 U.S.C. § 2201(b) (Declaratory Judgement Act), and 8 U.S.C. § 1447(b).  The Declaratory Judgement Act does not provide an independent basis for subject matter jurisdiction.

Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).  8 U.S.C. §1447(b) applies to naturalization proceedings, not status adjustment.  The Federal Question Statute does not give rise to a right of action in itself, it only gives district courts the jurisdiction to hear an action where one is created by another federal law.  This leaves the Mandamus Act and the Administrative Procedures Act (APA), in conjunction with the Federal Question Statute, as the only two possible grounds for subject matter jurisdiction.  For Plaintiff to establish that subject matter jurisdiction is created by a federal question involving either the Mandamus Act or the APA, he must show that these acts would give him a right of action based on the facts he has plead.

## IV. The APA and Mandamus Statutes

For either the APA or the Mandamus act to apply (and thus create a federal question) the matter at issue must be one that is not committed agency discretion.  The APA grants courts the power to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706.  However, these provisions of the APA do not apply where the agency action is committed to agency discretion by law.  5 U.S.C. § 701(a).  Under the Mandamus Statute, a district court may "compel an officer or employee of the U.S. or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  For mandamus jurisdiction to exist it must be shown that the defendant owes the plaintiff a clear *nondiscretionary* duty that he has failed to perform.  See Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662 (1978); Your Home Visiting Nurse Svcs, Inc. v.

HHS, 132 F.3d 1135, 1141 (6th Cir. 1997). Therefore, the determination of whether subject-matter jurisdiction exists based on either the APA or the Mandamus Statue will depend on whether or not status adjustment is a matter of agency discretion or a non-discretionary duty.

IV. **Analysis**

   A. **Legal Analysis**

Adjustment of an immigrant's status to that of a permanent resident is governed primarily by 8 U.S.C. § 1255 which reads in its relevant part;

> (a) The status of an alien who was inspected and admitted or paroled into the U.S. or the status of any other alien having an approved petition.... may be adjusted by the AG, *in his discretion, and under such regulations as he may prescribe* to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the US for permanent residence, and (3) an immigrant visa is available to him at the time of his application. (Emphasis added)

Defendants assert that the discretion granted by 8 U.S.C. 1255(a) extends to all aspects of adjusting an immigrant's status to that of permanent resident. The Plaintiff does not dispute that the final determination on matters of status adjustment, and any decisions regarding the procedure used to make these determinations, are indeed committed to the discretion of the Attorney General (and through him to the Defendants) by law. Plaintiff instead asserts that the Defendants still have a clear non-discretionary duty to make a decision within a reasonable time.

Across the country, district courts have split on this issue. Many have held that all aspects of status adjustment are matters of discretion. See, e.g., Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006); Chaudry v Chertoff, 2006 WL 2670051 (D. Minn.

Sept. 18, 2006); Espin v. Ganter, 381 F. Supp.2d 261 (S.D.N.Y. 2005); Cordoba v. McElroy, 78 F. Supp.2d 240 (S.D.N.Y. 2000). Other courts have taken the opposite view and held that there is a duty to complete status adjustment, and other immigration matters, in a reasonable time frame. See, e.g., Lazli v. U.S. Citizenship & Immigration Serv., 2007 WL 496351 *10 (D. Or. Feb. 12, 2007); Anjum v. Hansen et al, 2007 WL 983215 *2-3 (S.D. Ohio March 28, 2007); Alkelani v.Barrows, 356 F. Supp. 652, (N.D. Tex. 2005); Hu v. Reno, 2000 WL 425174 (N.D. Tex. Apr. 8, 2000); Yu v. Brown, 36 F. Supp.2d 922, 925 (D.N.M. 1999); Sze v. INS, 1997 WL 446236 (N.D. Cal. July 24, 1997). At this point, it appears that there is no on-point case from any circuit court of appeals.

Undoubtedly, the actions taken by CIS in processing an application for status adjustment will dictate the length of time that it takes to adjudicate an application. It is undisputed that the final decision, and the process for arriving at that decision, are matters that have been committed to the Attorney General's discretion by 8 U.S.C. § 1255. Therefore, the time period it takes to process an application must also fall within the agency's discretion so long as discretionary action is being taken to process the application.

In a case where some deliberate inaction or bad faith is at issue the result may be different. It is possible that such actions, and any resulting delay in adjudication, would no longer fall within the scope of the discretion contemplated by the Statute and could give rise to subject matter jurisdiction. It is also possible, in some cases, that especially lengthy delays might constitute evidence of bad faith or inaction that would satisfy a plaintiff's burden of pleading that subject matter jurisdiction exists.

Finally, for a federal question to exist under the Mandamus Act or the APA in regard to status adjustment, a plaintiff must plead that the delay being challenged is attributable to some action not within the agency's discretion. If a plaintiff fails to show actions or inaction falling outside the defendant's discretion, or facts from which such could be inferred, plaintiff will have failed to demonstrate that subject matter jurisdiction exists.

### B. This Case

In this case, Plaintiff has failed to allege that the Defendants' delay is due to actions which are not within their discretion. Plaintiff's frustration with the two year delay in the adjudication of his application is certainly understandable[1]. However, at no point has Plaintiff claimed, or asserted facts from which an inference could be made, that the Defendants have deliberately delayed his application, processed it negligently, or in any way acted in bad faith. In this case, it is undisputed that the two year waiting period has been entirely devoted to completion of the relevant background checks. (Def. Mot. to Dismiss Ex. B ¶¶ 7-19). The acts of requiring certain background checks be performed before adjusting an immigrant's status to permanent resident is, in this Court's opinion, within the discretion contemplated by 8 U.S.C. § 1255. Therefore, any delay resulting from these security checks also lies within the sphere of the Defendant's discretion. Because the delay, as pled, is within the Defendant's discretion, there is no federal question involving the APA or the Mandamus Statute, and thus subject matter

---

[1] In light of numerous delays of comparable or even greater length described in many similar cases, the Court cannot conclude the two year delay in this case is sufficient for an inference of bad faith on the part of CIS.

jurisdiction does not exist in this case and Defendants' motion to dismiss must be granted..

**V.     Conclusion**

The Plaintiff has failed to meet his burden of showing subject matter jurisdiction. He has failed to show that the time period at issue here is not a matter committed to the Defendants' discretion.  Therefore, federal question subject matter jurisdiction cannot be based on either the Mandamus Act, or the APA, and the Plaintiff's claim must be dismissed pursuant to Rule 12(b)(1).  As no subject-matter jurisdiction exists for the claim, Defendants' 12(b)(6) motion is moot and no further consideration is necessary. Defendant's motion to dismiss is granted.  Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.


Dated: July 31, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 31, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---